# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GARY L. SMITH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 4717 |
| | ) |
| **ZIMMER US, INC.**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This personal injury action by Gary Smith ("Smith") against Zimmer US, Inc. and five other defendants sharing "Zimmer" as part of their names has been the subject of a Notice of Removal ("Notice") brought by four of those defendants (collectively referred to in the Notice as "Zimmer Defendants") to bring the case from its place of origin in the Circuit Court of Cook County to this federal district court, with subject matter jurisdiction being invoked on diversity-of-citizenship grounds. Although the two other defendants, Zimmer Daniel and Zimmer Daniel & Associates (collectively "Zimmer Daniel"), share Illinois citizenship (see Notice ¶ 19) with Smith (see Notice ¶ 11), which would ordinarily destroy the necessary complete diversity, Notice ¶ 20 summarizes later assertions in the Notice by stating:

> For the reasons set forth below, Zimmer Daniel should be dismissed pursuant to the doctrine of fraudulent joinder and, therefore, its citizenship is irrelevant to the determination of subject matter jurisdiction under 28 U.S.C. § 1332(a).[1]

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Just one day after the Zimmer Defendants' filing of the Notice and related documents, Smith's counsel noticed up for hearing this morning a Motion for Leave to File a First Amended Complaint ("FAC") (the "Motion"). This memorandum opinion and order is issued sua sponte because of the interaction of two legal principles that together torpedo Zimmer Defendants' attempted removal.

To begin with Smith's Motion, Fed. R. Civ. P. ("Rule") 15(a)(1) gives a plaintiff such as Smith one free bite, something like the legal equivalent of the common law notion that a dog was entitled to one free bite -- as that Rule reads, "a party may amend its pleading once as a matter of course . . .," so that no notice of motion is really needed. What the Motion has done is to charge both Zimmer Daniel defendants with negligence (FAC Counts VI and VII) to add to the original charge of strict product liability under Counts IV and V. In sum, the FAC (including those two new counts) is in the case even without the need for this Court to grant the Motion -- nonetheless it does so simply to clear the decks by removing the Motion (Dkt. No. 7) from the case docket.

As for the second fundamental principle that controls here, it has been firmly established in this Seventh Circuit for more than two decades that there is a fundamental difference between the concept of "a short and plain statement of the claim showing that the pleader is entitled to relief" (the requirement set out in Rule 8(a)(2)) and the state law concept of a "cause of action," which requires a pleader to state a legal theory as well as setting out the facts that bring a plaintiff under the rubric of that theory -- see the two excellent discussions in <u>Bartholet v. Reishauer A.G.(Zurich)</u>, 953 F.2d 1073 (7th Cir. 1992) and <u>NAACP v. Am. Family Mut. Ins. Co.</u>, 978 F. 2d 287, 292 (7th Cir. 1992). What those seminal opinions and the host of cases that have applied the same principles since those cases were decided teach as to federal court plaintiffs is, as <u>Bartholet</u>, 953 F.2d at 1078 puts it succinctly:

> But the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.

NAACP, 978 F.2d at 292 (Bartholet citation omitted), written by Judge Frank Easterbrook for the panel there in the same year that he wrote the Bartholet opinion for a different panel, elaborates on and emphasizes the same principles:

> Identifying the legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of "claim for relief" in the federal rules. Putting each legal theory in a separate count is a throwback to code pleading, perhaps all the way back to the forms of action; in both, legal theory and facts together created a "cause of action." The Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced "cause of action" with "claim for relief" to signify the difference. A complaint should limn the grievance and demand relief. It need not identify the law on which the claim rests, and different legal theories therefore do not multiply the number of claims for relief.
>
> One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate.

Where that leaves this case is that diversity jurisdiction is presently lacking in this case because of the presence of the Zimmer Daniel defendants. And although Zimmer Defendants have contended that the citizenship of those defendants should be ignored on grounds of fraudulent joinder (something that would be called for as to any strict liability claim), the asserted negligence of the Zimmer Daniel defendants (which was also alleged in the original Complaint, even in the strict liability counts), has now been placed in separate counts as well.[2]

---

[2] This Court has had occasion to remark innumerable times on the fact that the pretty much universal tendency to ignore the fact that the only place in the Rules that speaks of "counts" is in Rule 10(b):

> If doing so would promote clarity, each claim founded on a separate transaction or occurrence -- and each defense other than a denial -- must be stated in a separate count or defense.

(continued)

Accordingly the situation before this Court is that described in Section 1447(c):

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

That being the case, this Court so orders. And to continue with the mandate in Section 1447(c), the Clerk of this Court is ordered to mail a certified copy of the order of remand to the Clerk of the Circuit Court of Cook County forthwith, so that "[t]he state court may thereupon proceed with such case" (id.).

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: May 3, 2016

---

(footnote continued)
What lawyers (and, indeed, courts) do all too often is to set up separate counts in a complaint as though the operative concept had been "cause of action" rather than the federal concept of "claim for relief."