# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GARY L. SMITH**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16 C 4717 |
| **ZIMMER US, INC.**, et al., | ) |
| Defendants. | ) |

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

During this morning's hearing in this action, which resulted in the issuance of a Memorandum Opinion and Order (the "Opinion") remanding this action to its place of origin in the Circuit Court of Cook County, counsel for the "Zimmer Defendants"[1] sought unsuccessfully to convert this Court's posture in that of a factfinder in support of counsel's effort to establish federal jurisdiction on diversity grounds by holding that the "Zimmer Daniel" defendants had been fraudulently joined in this action. It should of course be understood, as both the Opinion and this Court's oral explanation during the hearing made plain, that a remand was required under 28 U.S.C. 1447(c)[2] because of the posture of the case as of the time of removal, with the Zimmer Daniel defendants then present in the case and having asserted a "claim for relief" in the

---

[1] This supplement will follow the same definitions and other usages that were employed in the Opinion.

[2] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

federal sense defined by our Court of Appeals in the Bartholet and NAACP cases cited in the Opinion.

What counsel for the Zimmer Defendants has obviously not taken into account is the fact that the Circuit Court of Cook County, which again has jurisdiction over this action post-remand, is not subject to the same constraints as to factual determinations as this Court, which has perforce been required to deal with the case as it existed as of the time of removal.  If then further proceedings before the Circuit Court of Cook County were to result in a holding that the Zimmer Daniel defendants were indeed joined fraudulently, that could well bring into play the provisions of Section 1446(b)(3), which could render a second attempt at removal successful.  If, as and when such a possibility might eventuate, this District Court's LR 40.3(b)(2) would call for the case to be assigned directly to this Court's calendar rather than being assigned via the standard computerized random assignment system.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 3, 2016